UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

UNITED STATES COURT SECURITY OFFICERS, ALEJANDRO ACEVEDO, FRANK FORSTER, ANTHONY GATTO, BRIAN GILLESPIE, TIMOTHY HERTEL, CEPHAS HUNTER, THOMAS KAUFER, MARTA B. RIVERA, ROBERT RUGGIERO and ANTHONY VENTURELLA,

          Plaintiffs,

          v.

UNITED STATES MARSHALS SERVICE,

          Defendant.

----------------------------------------------------------------- x

Civil Action No.

**COMPLAINT**

Plaintiffs United States Court Security Officers ("USCSO"), Alejandro Acevedo, Frank Forster, Anthony Gatto, Brian Gillespie, Thomas Hertel, Cephas Hunter, Thomas Kaufer, Marta B. Rivera, Robert Ruggiero, and Anthony Venturella (Acevdeo, Forster, Gatto, Gillespie, Hertel, Hunter, Kaufer, Rivera, Ruggiero, and Venturella, collectively, the "Individual Plaintiffs"), by their counsel, Cohen, Weiss and Simon LLP, and for their complaint state as follows:

**INTRODUCTION**

    1.    In March 2020, New York became the epicenter of the global Covid-19 pandemic, and within a matter of weeks, public and private institutions in New York City and the surrounding areas foundered or shut down completely. Offices closed, and many employees worked from home; many more essential workers continued to report to duty in-person to ensure that critical services continued to function for their fellow citizens. Among the essential workers are the Court Security Officers ("CSOs") charged with ensuring the security of the federal courts, and associated probation offices, and U.S. Attorney's offices. Although by mid-March

2020 in-person court proceedings were dialed back and at times paused altogether, and CSO staffing was reduced accordingly, CSOs continued to report to their jobsites in Manhattan, Brooklyn and Poughkeepsie every day to make sure that the buildings and their skeleton crew of personnel remained protected and that the judiciary continued to function.  During this time, many CSOs who reported to work used their accrued paid time off when they contracted Covid-19 or were required to quarantine because of their close contact with a Covid-19 infected person.

2. The CSOs' federal contractor employer, Centerra, a Constellis Company ("Centerra"), secured CARES Act monies from its client, the United States Marshals Service ("USMS"), in order to compensate CSOs for their lost hours and accrued leave between March 29, 2020 and September 30, 2020.  In January 2021, many CSOs employed in the Southern and Eastern Districts of New York received CARES Act monies to reimburse them for their reduced hours and the accrued paid time off they used because they were sick or quarantining.  But one group, the Lead Court Security Officers ("Lead CSOs"), did not.  Nor has that group received an explanation as to why USMS did not deem them eligible for the CARES Act monies.  This is an action by ten Lead CSOs and their labor union challenging (a) the refusal and/or failure of USMS to make available to the Individual Plaintiffs CARES Act monies or reimbursement for lost wages or accrued leave for the March 29, 2020 through September 30, 2020 period, as arbitrary and capricious in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2); and (b) USMS's failure to timely respond to an April 13, 2021 Freedom of Information Act ("FOIA") request by USCSO concerning said CARES Act monies and reimbursement, in violation of 5 U.S.C. § 552(a)(6)(A)(i).

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 5 U.S.C. §§ 702 and 706(2) and 5 U.S.C. § 522.

4. Venue lies in this district under 28 U.S.C. §1391(b)(2) and (e)(1)(B) because a substantial part of the events giving rise to Plaintiffs' claims arose in this judicial district.

## THE PARTIES

5. USCSO is a labor union exclusively representing Court Security Officers, Lead Court Security Officers, Special Security Officers, and Lead Special Security Officers at federal courthouses, associated probation offices, and U.S. Attorney's offices across the country, including at such installations within the Southern and Eastern Districts of New York.

6. Plaintiff Alejandro Acevedo is a Lead CSO employed at the U.S. District Court for the Southern District of New York located at 500 Pearl Street, New York, New York.

7. Plaintiff Frank Forster is a Lead CSO employed at U.S. Probation for the Eastern District of New York, Pierrepont Plaza, Brooklyn, New York.

8. Plaintiff Anthony Gatto is a Lead CSO employed at the U.S. Court of International Trade located at 1 Federal Plaza, New York, New York.

9. Plaintiff Brian Gillespie is a Lead CSO employed at the U.S. District Court for the Eastern District of New York at 225 Cadman Plaza East, Brooklyn, New York.

10. Plaintiff Timothy Hertel is a Lead CSO employed at the U.S. District Court for the Eastern District of New York located at 225 Cadman Plaza East, Brooklyn, New York.

11. Plaintiff Cephas Hunter is a Lead CSO employed at the U.S. District Court for the Eastern District of New York located at 225 Cadman Plaza East, Brooklyn, New York.

12. Plaintiff Thomas Kaufer is a Lead CSO employed at the U.S. District Court for the Eastern District of New York located at 225 Cadman Plaza East, Brooklyn, New York.

13. Plaintiff Marta B. Rivera is a Lead CSO employed at the U.S. Bankruptcy Court for the Southern District of New York located at 355 Main Street, Poughkeepsie, New York.

14. Plaintiff Robert Ruggiero is a Lead CSO employed at the U.S. Bankruptcy Court for the Southern District of New York located at One Bowling Green, New York, New York.

15. Plaintiff Anthony Venturella is a Lead CSO employed at the U.S. District Court for the Southern District of New York located at 500 Pearl Street, New York, New York.

16. Defendant USMS is a federal law enforcement agency within the United States Department of Justice. Among other things, USMS is responsible for providing for the security of the federal judiciary within the United States District and Bankruptcy Courts, United States Court of International Trade, United States Courts of Appeals, and other federal offices and buildings associated with the judiciary.

**FACTS**

17. The Individual Plaintiffs are employed under a contract between USMS and Centerra and covered by a collective bargaining agreement between USCSO and Centerra. At all times relevant, Centerra has employed the Individual Plaintiffs to fulfill its obligations under its contract with USMS to provide security services on USMS's behalf in the Second Judicial Circuit, including in the Southern and Eastern Districts of New York.

18. At all relevant times, the Individual Plaintiffs have been employed as Lead CSOs in various federal courthouses, associated probation offices, or U.S. Attorney's Offices in the Southern and Eastern Districts of New York. Lead CSOs are non-supervisory employees within USCSO's bargaining unit who have special responsibilities, including ensuring that all posts are covered as directed by USMS and acting as liaisons between the USMS and Centerra's

District Supervisors.  Lead CSOs in the Southern and Eastern Districts of New York are selected by Centerra and receive a higher rate of pay than regular CSOs.

19. Between March 29, 2020 and September 30, 2020, CSOs and Lead CSOs in the Southern and Eastern Districts of New York, including the Individual Plaintiffs, lost wages and used accrued paid time off because USMS reduced and modified work hours at the courthouses where they worked as a result of the COVID-19 national emergency, and due to Covid-19 necessitated quarantines.  The Individual Plaintiffs neither applied for nor received any other federal or state benefits or compensation in lieu of their wages.

20. In May 2020, Centerra distributed to its CSOs and Lead CSOs employed in the Southern and Eastern Districts of New York a one-page form entitled "Employee CARES Act Benefit Certification."  The Certification advised employees that Centerra was in the process of seeking reimbursement under the CARES Act for lost wages and accrued leave of up to 40 hours per week during the COVID-19 national emergency, and requested that employees certify whether they had applied for or received federal or state benefits or compensation in lieu of their wages during the COVID-19 national emergency.

21. The Individual Plaintiffs all signed the Certification indicating that they had not applied for or received federal or state benefits or compensation in lieu of their wages during the COVID-19 national emergency, and returned the paperwork to Centerra.

22. On January 18, 2021, Centerra announced to CSOs and Lead CSOs in the Southern and Eastern Districts of New York that it had successfully secured approval from USMS to pay employees, pursuant to the CARES Act, for some of their lost hours in the March 29, 2020 through July 31, 2020 time period.  Centerra explained that each individual employee's eligibility for the CARES Act reimbursement was at the sole discretion of USMS:

> We do not have any control of how each government agency interprets the application of CARES Act, the dates of eligibility, or how much funding will be made available.

23. In the same January 18, 2021 communication, Centerra explained:

> It is important to remember that funding for these hours is wholly at the discretion of each government agency and the Company is only able to reimburse up to a set number of agreed upon hours. Strict conditions to those payments apply, to include but not limited to:
>
> • Must be an employee working on a federal government contract in active status at the time of the payout
>
> • Must have been unable to work on a federally approved worksite due to COVID-19 related reasons.
>
> • Must not receive reimbursement for more than 40 hours per week
>
> • Must have signed the Employee CARES Act Benefit Certification form, which verifies that the employees has not received unemployment benefits
>
> • May not receive reimbursement for hours already received under local and/or state mandatory paid leave statues

24. In the same January 18, 2021 communication, Centerra explained:

> While we have captured all hours impacted, employees should realize not all hours identified met the USMS interpretation of CARES Act criteria for reimbursement.

25. Around the same time as it issued the January 18, 2021 communication, Centerra distributed to CSOs (but not Lead CSOs) employed in the Southern and Eastern Districts of New York CARES Act monies to compensate them for lost wages and/or use of accrued paid time off for Covid-19 related reasons between March 29, 2020 and July 31, 2020.

26. In February 2021, USCSO became aware that while Centerra had distributed CARES Act monies and reimbursement for lost wages and accrued leave to a number of CSOs in the Southern and Eastern Districts of New York, it had not distributed CARES Act

- 6 -

monies or reimbursement to any Lead CSOs. Accordingly, USCSO sought information from USMS and Centerra as to the conditions governing the distribution of CARES Act monies and reimbursement for lost wages and accrued paid time off.

27. On March 8, 2021, USCSO, through its attorney, sent USMS a written request for "any guidance or instructions given to the contractors in connection with how they should allocate funds, including but not limited to the circumstances under which CSOs are eligible for reimbursement and the applicable time period(s) covered by the disbursements."

28. On March 24, 2021, USMS responded that the requested information could be obtained through the FOIA process.

29. On April 13, 2021, USCSO, through its attorney, sent a request to USMS pursuant to FOIA seeking:

> Guidance or instructions given to USMS contractors who employ Court Security Officers (CSOs) with respect to how they should allocate CARES Act funds, including but not limited to the circumstances under which CSOs are eligible for reimbursement, the applicable time period(s) covered by the disbursements, and any appeal process for a CSO who believes he was entitled to funds but did not receive them.

30. On April 16, 2021, USMS acknowledged the request in writing and advised:

> The USMS adopted a "first in/first out" practice for processing all incoming FOIA/PA requests. Your request way placed in chronological order based on following the date of receipt and will be handled as quickly as possible when assigned for processing … Due to a substantial backlog of requests, it is estimate the processing of your request may be significantly delayed.

31. On June 23, 2021, USCSO, through its attorney, sent a request to Centerra seeking the following information on behalf of its members in the titles of Court Security

Officer, Special Security Officer, Lead Court Security Officer and Lead Special Security Officer, collectively referred to therein as "CSOs":

> Any guidance or instructions given by the United States Marshals Service to the Contractor concerning how Centerra Group LLC should allocate CARES Act funds to CSOs, including but not limited to circumstances under which CSOs are eligible for reimbursement and the applicable time period(s) covered by the disbursements.

32. On July 16, 2021, Centerra responded, refusing to provide the requested information. Centerra stated that the voluntary distribution of CARES Act funds was not a term and condition of employment governed by the collective bargaining agreement between USCSO and Centerra, and that therefore, the request sought information that was irrelevant to USCSO's role as collective bargaining representative, as well as communications between Centerra and USMS that were confidential and proprietary.

33. To date, Defendant has not issued a determination on USCSO's April 13, 2021 FOIA request, and has not made available the requested records to USCSO. Nor has USCSO been able to obtain the requested records through other means.

34. Upon information and belief, in or about spring 2020, USMS made available to Centerra CARES Act monies for the August 1, 2020 through September 30, 2020 time period. Centerra thereupon distributed reimbursement for lost wages and accrued leave to a number of CSOs in the Southern and Eastern Districts of New York, but not to any Lead CSOs.

35. To date, none of the Individual Plaintiffs have received CARES Act monies or reimbursement for their lost wages or accrued paid time off during the March 29, 2020 through September 30, 2020 time period.

## COUNT I – VIOLATION OF THE
## ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706

1. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs as though fully set forth herein.

2. The APA, 5 U.S.C. § 706(2)(A), provides for review of federal agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

3. Defendant violated the APA, 5 U.S.C. § 706, because its refusal and/or failure to make CARES Act funding available to the Individual Plaintiffs was arbitrary and capricious.

4. As a result of Defendant's unlawful conduct, the Individual Plaintiffs have suffered economic damages in the form of lost wages and/or loss of accrued paid time off.

## COUNT II – VIOLATION OF THE
## FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552(a)(6)(A)(i)

1. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs as though fully set forth herein.

2. Defendant's refusal and/or failure to timely make a determination on USCSO's FOIA request and timely make available the records requested by USCSO violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court enter a judgment and order:

1. declaring that USMS violated the Administrative Procedure Act by refusing and/or failing to make CARES Act monies for the March 29, 2020 through September 30, 2020 period available to the Individual Plaintiffs;

2. declaring that USMS violated the Freedom of Information Act by refusing and/or failing to timely issue a determination on USCSO's FOIA request and make available the requested to USCSO;

3. ordering USMS to make the Individual Plaintiffs whole for their lost wages and/or loss of accrued paid time off during the March 29, 2020 through September 30, 2020 period;

4. ordering USMS to immediately make available all requested records to USCSO; and

5. awarding Plaintiff USCSO its costs and reasonable attorneys' fees incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

6. granting such other legal and equitable relief as the Court deems proper.

Dated: February 18, 2022
    New York, New York

Respectfully submitted,

*/s/ Kate M. Swearengen*
Kate M. Swearengen
Matthew E. Stolz
COHEN, WEISS and SIMON LLP
900 Third Avenue, Suite 2100
New York, New York 10022
Telephone:  (212) 563-4100
Facsimile:  (646) 473-8272
kswearengen@cwsny.com
mstolz@cwsny.com

Attorneys for Plaintiffs