USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/20/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES COURT SECURITY OFFICERS, et al.,

                Plaintiffs,

- against -

UNITED STATES MARSHALS SERVICE,

                Defendant.

---

**22 Civ. 1380 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    Plaintiffs United States Court Security Officers ("USCSO"), Alejandro Acevedo, Frank Forster, Anthony Gatto, Brian Gillespie, Timothy Hertel, Cephas Hunter, Thomas Kaufer, Marta B. Rivera, Robert Ruggiero, and Anthony Venturella (collectively, "Plaintiffs") filed this action against defendant United States Marshals Service ("USMS"). Plaintiffs allege violation of the Administrative Procedure Act ("APA"), 5 U.S.C. Section 706.

    Now before the Court is a motion for leave to file a motion to intervene submitted pro se by Towaki Komatsu ("Komatsu"). ("Motion," Dkt. No. 34.) For the reasons set forth below, leave to file a motion is **DENIED**.

                **I.  DISCUSSION**

    In February 2022, Plaintiffs, who are Lead Court Security Officers ("CSOs") and their union, filed this action after not having received reimbursements for lost wages and

1

paid time off during the COVID-19 pandemic. USMS had approved a request for such reimbursements under the Coronavirus Aid, Relief, and Economic Security Act, P.L. No. 116-136, 134 Stat. 281 (2020) (the "CARES Act") and Plaintiffs allege USMS directed others to exclude the Plaintiff Lead CSOs from the distribution of funds.

Komatsu filed the instant Motion on April 5, 2023, seeking leave to intervene to challenge what Komatsu describes as CSOs inappropriately treating him in federal court houses stemming from certain other actions Komatsu was involved with.

Komatsu is a serial intervener. After filing meritless, non-party requests, usually motions to intervene, in -- at minimum -- thirteen other actions, another judge in this District, Judge Caproni, imposed filing restrictions on Komatsu under 28 U.S.C. Section 1651. (See Motion, Ex. A.) Those restrictions enjoined Komatsu from filing any documents in cases where he is not a party unless he first files (1) a copy of Judge Caproni's order; and (2) a one-page declaration, submitted under penalty of perjury, stating Komatsu's legal interest in the matter and why intervention is appropriate. (Id.)

Komatsu has complied with the pre-requisites imposed by Judge Caproni. Even so, his Motion is meritless. Komatsu has

not identified a claim that shares a common question of law or fact with the main action. See Fed. R. Civ. P. 24(b) (allowing timely permissive intervention where the moving party "has a claim or defense that shares with the main action a common question of law or fact"). Komatsu's statements regarding alleged unfair treatment or behavior by CSOs towards him have no connection whatsoever to whether USMS excluded Lead CSOs from CARES Act distributions in violation of the APA. And although, in passing, Komatsu states that the CARES Act pay Plaintiffs seek is "funded by taxpayers," including Komatsu, that allegation fares no better; merely being a "taxpayer is generally not sufficient to establish standing because the alleged injury -- *i.e.*, an effect on taxes -- is too abstract." Kerven v. United States, 792 F. App'x 900 (2d Cir. 2020) (citing Hein v. Freedom from Religion Found., Inc., 551 U.S. 587, 593 (2007); Bd. of Educ of Mt. Sinai Union Free Sch. Dist. v. N.Y. State Teachers Ret. Sys., 60 F.3d 106, 110 (2d Cir. 1995)).

As permissive intervention is "wholly discretionary with the trial court," Rosado v. Pruitt, No. 17 Civ. 4843, 2018 WL 262835, at *3 (E.D.N.Y. Jan. 2, 2018) (internal quotation marks omitted) (quoting U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978)), and Komatsu's declaration fails

3

to establish a common question of law or fact, granting Komatsu leave to move to intervene would be futile.

## II. ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion filed by Towaki Komatsu for leave to move to intervene in this action (Dkt. No. 34) is **DENIED**.

**SO ORDERED.**

Dated:   20 April 2023
         New York, New York

_____
Victor Marrero
U.S.D.J.