

**Kate M. Swearengen**
**Partner**
o   212.356.0272
f    646.473.8272
kswearengen@cwsny.com
www.cwsny.com

900 Third Avenue, Suite 2100 • New York, NY 10022-4869

May 23, 2023

Honorable Victor Marrero
United States District Judge
United States District Court
  for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

>   Re:   United States Court Security Officers et al. v. United States Marshals Service, Civil Action No. 22-cv-01380-VM

Dear Judge Marrero:

We represent the Plaintiffs, United States Court Security Officers ("USCSO") and Lead Court Security Officers Alejandro Acevedo, Frank Forster, Anthony Gatto, Brian Gillespie, Timothy Hertel, Cephas Hunter, Thomas Kaufer, Marta B. Rivera, Robert Ruggiero and Antony Venturella in the referenced matter. Pursuant to the Court's May 9, 2023 Order, we write, on behalf of all parties, to provide: (1) a brief description of the case, including the key remaining factual and legal bases for the claims and defenses; (2) the parties' intentions with respect to future motion practice; (3) the prospect for settlement; and (4) whether the parties consent to proceed for all purposes before the Magistrate Judge designated for this action.

**I.     Brief Description of the Case**

   A.     Plaintiffs

This is a lawsuit brought by ten Lead Court Security Officers and their labor union, USCSO, challenging as arbitrary and capricious pursuant to the Administrative Procedure Act the refusal and/or failure of Defendant United States Marshals Service ("USMS" or "Defendant") to make available to Lead Court Security Officers employed in the Southern and Eastern Districts of New York CARES Act monies or reimbursement for their lost wages or accrued leave for the March 29, 2020 through September 30, 2020 period. Plaintiffs previously stipulated to the dismissal, without prejudice, of their claim under the Freedom of Information Act ("FOIA") challenging USMS's failure to timely respond to an April 13, 2021 FOIA request by USCSO concerning said CARES Act monies and reimbursement.

In the Complaint, Plaintiffs identified a January 18, 2021 communication from the individual plaintiffs' federal contractor employer, Centerra Group LLC ("Centerra"), in which Centerra explained that each individual employee's eligibility for the CARES Act reimbursement was at the sole discretion of Defendant, that strict conditions to those reimbursements applied, and that employees should realize that not all the hours met Defendant's interpretation of CARES Act criteria for reimbursement. Additionally, Plaintiffs pleaded that on June 23, 2021, USCSO sent an information request to Centerra seeking any guidance or instructions given by the USMS to Centerra concerning how the individual plaintiffs' federal contractor employer should allocate CARES Act funds to Court Security Officers ("CSOs"), including but not limited to circumstances under which CSOs are eligible for reimbursement and the applicable time period(s) covered by the disbursements, but that Centerra refused to provide the requested information. Defendant did not, until after Plaintiffs commenced this proceeding, respond to USCSO's FOIA request for guidance or instructions given to USMS contractors who employ CSOs with respect to how they should allocate CARES Act funds, including but not limited to the circumstances under which CSOs are eligible for reimbursement, the applicable time period(s) covered by the disbursements, and any appeal process for a CSO who believes he was entitled to funds but did not receive them. When Defendant did provide the requested information on August 1 and 30, 2022, it was in heavily redacted form, but it nonetheless indicated that Defendant had the final say on whether and in what amounts it would approve CARES Act funding for federal contractors to reimburse their employees.

Plaintiffs seek document and deposition discovery from Defendant and Centerra. Plaintiffs intend to serve written discovery on Defendant and may notice a 30(b)(6) deposition or elect to depose specific individuals, depending on the contents of Defendant's forthcoming Fed. R. Civ. P. 26(a)(1) disclosures. Plaintiffs intend to serve written discovery on Centerra and will notice a 30(b)(6) deposition.

B.    Defendant

Since 2019, USMS has had a contract with Centerra, whereby Centerra has provided security services on behalf of USMS in the Second Judicial District. In 2020, Congress passed Section 3610 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116–136, 134 Stat. 281, which permitted federal agencies such as USMS to reimburse its contractors for certain costs incurred in allowing employees and subcontractors paid leave during the COVID-19 pandemic. In 2020, Centerra submitted a request to the USMS for reimbursement of paid leave under Section 3610 of the CARES Act. In November 2020, USMS approved Centerra's request for reimbursement of paid leave for the period March 27, 2020 through July 31, 2020. Again, in February 2021, USMS approved Centerra's request for reimbursement of paid leave for the period August 1, 2020, through September 30, 2020.

Plaintiffs' remaining claim alleges that USMS purportedly "refus[ed] and/or fail[ed] . . . to make available to the Individual Plaintiffs CARES Act monies or reimbursement," which they claim was a final agency action which was arbitrary and capricious and violated Section 706(2)(A) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). However, at no time did USMS direct Centerra in any way as to how to allocate the CARES Act funding it received among its CSOs and its Lead CSOs. The records produced in response to USCSO's

FOIA request contained limited redactions pertaining to the hours worked by certain contractors in connection with specific task orders and contractor rates specific to Centerra that were deemed privileged or confidential trade secrets of commercial information under FOIA Exemption 4, 5 U.S.C. § 552(b)(4); along with the names and other personal identifying information of USMS and Centerra employees under FOIA Exemptions 6, 7(C), and/or 7(F).  *Id.* §§ 552(b)(6), (b)(7)(C), (b)(7)(F).  Nothing in these records state or suggest that USMS directed Centerra to allocate CARES Act reimbursements among its employees in a certain manner.

USMS intends to serve written discovery and depose all Plaintiffs in this case. USMS will also amend its answer to include Centerra as a defendant under Fed. R. Civ. P. 19, in whose absence complete relief cannot be afforded to Plaintiffs, because the plain language of the CARES Act does not permit direct reimbursements to a contractor's employees.  USMS will also serve written discovery on and take the individual depositions of Centerra employees or 30(b)(6) deposition of Centerra.

## II.     Any Contemplated Motions

Depending on the outcome of discovery, Plaintiffs may move for summary judgment on their APA claim.  Defendant also reserves the right to cross-move for summary judgment on Plaintiffs' APA claim at the close of fact discovery.

## III.    Prospect of Settlement

Plaintiffs currently estimate their collective losses to be approximately $80,000, exclusive of interest, but reserve the right to revise that amount.  USMS's position is that factual discovery will need to be completed before settlement can be discussed.

## IV.    Consent to a Magistrate

The parties do not consent to proceed for all purposes before the Magistrate Judge designated for this action.

We thank the Court for its attention.

Respectfully submitted,

*Kate M. Swearengen*

Kate M. Swearengen

cc: Tomoko Onozawa (counsel for Defendant)