DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2721
Facsimile: (212) 637-2717
Email: tomoko.onozawa@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES COURT SECURITY OFFICERS, ALEJANDRO ACEVEDO, FRANK FORSTER, ANTHONY GATTO, BRIAN GILLESPIE, TIMOTHY HERTEL, CEPHAS HUNTER, THOMAS KAUFER, MARTA B. RIVERA, ROBERT RUGGIERO and ANTHONY VENTURELLA,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES MARSHALS SERVICE,<br><br>        Defendant. | 22 Civ. 1380 (VM)<br><br>**AMENDED ANSWER AND THIRD-PARTY COMPLAINT OF DEFENDANT UNITED STATES MARSHALS SERVICE** |
| UNITED STATES MARSHALS SERVICE,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>CENTERRA GROUP LLC,<br><br>        Rule 19 Third-Party Defendant. | |

Defendant United States Marshals Service ("USMS" or "Defendant"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, hereby answers

the complaint of plaintiffs United States Court Security Officers, Alejandro Acevedo, Frank Forster, Anthony Gatto, Brian Gillespie, Timothy Hertel, Cephas Hunter, Thomas Kaufer, Marta B. Rivera, Robert Ruggiero, and Anthony Venturella (jointly, "Plaintiffs"), and brings the following third-party complaint against Rule 19 defendant Centerra Group LLC.  Defendant answers Plaintiffs' complaint upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Paragraph 2 constitutes Plaintiffs' characterization of their claims in this lawsuit, to which no response is required.  To the extent Paragraph 2 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

## JURISDICTION AND VENUE[1]

3. Paragraph 3 constitutes conclusions of law, to which no response is required.

4. Paragraph 4 constitutes conclusions of law, to which no response is required.

## THE PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

---

[1] For convenience, section headings of the complaint are included, but they are not part of Defendant's response to the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Admits the allegations in Paragraph 16.

## FACTS

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, except avers that, since 2019, USMS has had a contract with Centerra Group LLC ("Centerra"), pursuant to which Centerra has provided security services on behalf of USMS in the Second Judicial Circuit, including the Eastern and Southern Districts of New York.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, except avers that, since 2019, USMS has had a contract with Centerra Group LLC ("Centerra"), pursuant to which Centerra has provided security services on behalf of USMS in the Second Judicial Circuit, including the Eastern and Southern Districts of New York.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, except avers that the number of work hours were reduced for Court Security Officers and Lead Court Security Officers in the Eastern and Southern Districts of New York as a result of the COVID-19 pandemic between March 29, 2020 and September 30, 2020.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Admits that, on March 8, 2021, plaintiff United States Court Security Officers ("USCSO"), through its attorney, sent USMS a written request for records, respectfully refers the Court to that request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the request's true contents.

28. Admits that, on March 24, 2021, USMS provided an initial response to USCSO's request, respectfully refers to the Court to that response for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the response's true contents.

29. Admits that, on or about April 13, 2021, USCSO, through its attorney, submitted a FOIA request to USMS (the "FOIA Request"), respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA Request's true contents.

30. Admits that, by letter dated April 16, 2021, USMS acknowledged receipt of the FOIA Request, respectfully refers the Court to the letter for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the letter's full contents.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Denies the allegations in Paragraph 33, avers that USMS fulfilled its obligations under FOIA, and that Plaintiffs voluntarily dismissed their FOIA claim against USMS on October 14, 2022. [ECF Nos. 23, 24].

34. Denies knowledge or information sufficient to form a belief as to the first sentence in paragraph 34 because the term "made available" is vague and undefined, and avers that in May 2020, USMS sent information to Centerra and other contractors regarding how to submit formal requests to USMS for CARES Act funding to compensate employees who had worked reduced hours because of the COVID-19 pandemic.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

### COUNT I – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706

36. Defendant repeats each and every response set forth herein to the allegations in Paragraphs 1–35 of the Complaint.

37. Numbered Paragraph 2 under the heading "Count I" of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 2 contains factual allegations to which a response is required, denies the allegations in Paragraph 2.

38. Numbered Paragraph 3 under the heading "Count I" of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 3 contains factual allegations to which a response is required, denies the allegations in Paragraph 3.

39. Numbered Paragraph 4 under the heading "Count I" of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 4 contains factual allegations to which a response is required, denies the allegations in Paragraph 4.

## COUNT II – VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552(A)(6)(A)(i)

40. Defendant repeats each and every response set forth herein to the allegations in Paragraphs 1–35 of the Complaint, and numbered Paragraphs 1–4 under Count I of the Complaint.

41. Numbered Paragraph 2 under the heading "Count II" of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 2 contains factual allegations to which a response is required, denies the allegations in Paragraph 2.

## PRAYER FOR RELIEF

The paragraphs under the heading "Prayer for Relief" contain Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For further defenses, Defendant alleges as follows:

## FIRST DEFENSE

Count I of Plaintiffs' complaint should be dismissed for failure to state a claim upon which relief may be granted, as Defendant has not taken a final agency action within the meaning of the APA, 5 U.S.C. § 706(2)(A).

## SECOND DEFENSE

Count I of Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction, as Defendant has not taken a final agency action within the meaning of the APA, 5 U.S.C. § 706(2)(A).

**THIRD DEFENSE**

Count I of Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction as to plaintiff USCSO, which lacks standing to assert a claim under the APA, 5 U.S.C. § 706(2)(A).

**FOURTH DEFENSE**

Any relief awarded to Plaintiffs is subject to the availability of appropriated funds made available to USMS for fiscal year 2020.  *See* CARES Act § 3610, 134 Stat. 281, 414 (2020).

\* \* \*

Defendant may have additional defenses that are presently unknown but may be ascertained at a later time.  Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses pursuant to Federal Rules of Civil Procedure 8 and 12.

**THIRD PARTY COMPLAINT AGAINST
RULE 19 DEFENDANT CENTERRA GROUP, LLC**

1.       Pursuant to Rules 14 and 19 of the Federal Rules of Civil Procedure, the United States Marshals Service ("USMS") brings this third-party complaint against third-party defendant Centerra Group, LLC, to the extent the Court enters judgment against the USMS under the Administrative Procedure Act, 5 U.S.C. §§ 701–706.  The USMS makes the following factual allegations upon information and belief:

**JURISDICTION AND VENUE**

2.       Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), because this matter was brought under the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701–706 ("APA").

3.       Venue is appropriate in this Court under 28 U.S.C. § 1391(e)(1)(B), because a

substantial part of the events giving rise to Plaintiffs' asserted APA claim against the USMS arose in this judicial district.

4. The above-captioned case was commenced by Alejandro Acevedo, Frank Forster, Anthony Gatto, Brian Gillespie, Timothy Hertel, Cephas Hunter, Thomas Kaufer, Marta B. Rivera, Robert Ruggiero, and Anthony Venturella ("Individual Plaintiffs"), who filed a lawsuit against USMS under the APA, 5 U.S.C. § 706(2)(A).

5. The third-party plaintiff is the USMS.

6. The third-party defendant is Centerra Group, LLC ("Centerra"), a corporation organized under the laws of Delaware, with its principal executive offices located at 13530 Dulles Technology Drive, Herndon, Virginia 20171. Centerra conducts business in and contracts with USMS to provide services in the Southern District of New York.

7. Since 2019, USMS has had a contract with Centerra, whereby Centerra provides security services on USMS's behalf in the United States District and Bankruptcy Courts in the Eastern and Southern Districts of New York, the United States District and Bankruptcy Courts in the Eastern and Southern Districts of New York, the United States Court of International Trade, the United States Court of Appeals for the Second Circuit, and other federal offices and buildings associated with the federal judiciary in the Second Circuit.

### CENTERRA IS A NECESSARY AND INDISPENSABLE PARTY UNDER FED. R. CIV. P. 19

8. Centerra is named only as a necessary and indispensable party under Fed. R. Civ. P. 19(a)(1)(A), without whom the Court cannot accord complete injunctive relief under the APA to the Individual Plaintiffs, who are employees of Centerra.

9. Section 3610 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116–136, 134 Stat. 281, which was passed by Congress in March

2020, permitted agencies such as USMS to reimburse its contractors for certain costs incurred in allowing employees and subcontractors paid leave during the COVID-19 pandemic.

10. In May 2020, USMS sent information to Centerra and other contractors regarding how to submit formal requests to USMS for CARES Act funding to compensate employees who had worked reduced hours because of the COVID-19 pandemic.

11. In July 2020, USMS sent further guidance and clarification to Centerra and other contractors to clarify the requirements for reimbursement of the costs of paid leave under Section 3610 of the CARES Act.

12. In 2020 and 2021, Centerra made two requests to the USMS for reimbursement of paid leave under Section 3610 of the CARES Act.

13. On November 2, 2020, USMS issued a memorandum to Centerra which approved Centerra's request for reimbursement of paid leave under Section 3610 of the CARES Act for the period March 27, 2020, through July 31, 2020.

14. On February 22, 2021, USMS issued a memorandum to Centerra which approved Centerra's request for reimbursement of paid leave under Section 3610 of the CARES Act for the period August 1, 2020, through September 30, 2020.

15. On February 18, 2022, the Individual Plaintiffs filed suit against the USMS under the APA.  The complaint alleged that the Individual Plaintiffs are employed by Centerra under the contract between USMS and Centerra.  Compl. ¶ 17.

16. The complaint further alleged that USMS took a final agency action within the meaning of the APA, 5 U.S.C. § 706(2)(A), when it approved Centerra's requests for reimbursement under Section 3610 of the CARES Act for the period March 27, 2020 through July 31, 2020, and again from August 1, 2020 through September 30, 2020, but allegedly refused

and/or failed "to make available to the Individual Plaintiffs CARES Act monies or reimbursement for lost wages or accrued leave for the March 29, 2020 through September 30, 2020 period." Compl. ¶ 2. The Individual Plaintiffs assert that this alleged final agency action was "arbitrary and capricious" in violation of the APA. *Id*.

17. USMS denies that it took any final agency action—or any action at all—to refuse or exclude the Individual Plaintiffs from receiving CARES Act reimbursements awarded to Centerra for the period March 29, 2020, through September 30, 2020.

18. Nothing in Section 3610 of the CARES Act permits USMS to disburse appropriated funds directly to the Individual Plaintiffs, who are Centerra's employees. The statute provides that agencies may reimburse *contractors* for certain costs incurred in allowing employees and subcontractors paid leave during the COVID-19 pandemic. CARES Act § 3610, 314 Stat. at 414. Section 3610 of the CARES Act does not authorize USMS to bypass an agency contractor and remit reimbursements directly to a contractor's employees.

19. Accordingly, USMS is asserting a cross-claim against Centerra for the sole reason that Centerra, as the contractor who is statutorily eligible to receive CARES Act reimbursements, is a necessary or indispensable party to this lawsuit, pursuant to Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure.

20. If the Court were to find that USMS made a final agency decision to exclude the Individual Plaintiffs from receiving any CARES Act reimbursement—which it did not—and that such a decision was arbitrary and capricious in violation of Section 706 of the APA, absent Centerra's participation in any judgment against USMS under the APA, the Individual Plaintiffs cannot obtain the requested injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, the USMS respectfully requests that this Court:

1. To the extent the Court finds that the USMS violated the APA as alleged in Plaintiffs' complaint and orders USMS to make CARES Act reimbursements for the period March 29, 2020, through September 30, 2020, available to the Individual Plaintiffs, to require that Centerra take all necessary and appropriate steps to effectuate the Court's order and ensure that the Individual Plaintiffs obtain the required relief.

Dated: New York, New York
June 9, 2023

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: */s/ Tomoko Onozawa*
TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2721
Fax: (212) 637-2717
E-mail: tomoko.onozawa@usdoj.gov